[Crim. No. 2301. Third Dist. Dec. 27, 1951.]

THE PEOPLE, Respondent, v. GAIL IRISH, Appellant.

Chester Monette for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier and Wallace G. Colthurst, Deputy Attorneys General, for Respondent.

SCHOTTKY, J. pro tem.—The appellant was charged with a violation of sections 288a and 207 of the Penal Code. Following his plea of not guilty a jury returned a verdict of guilty on both charges. Judgment was entered, the sentences to run concurrently. This appeal is from the verdict, the

judgment, an order denying a motion for a new trial and an order denying probation.

Appellant makes two main contentions: (1) That the evidence is insufficient to sustain the verdicts and judgment; and (2) that the district attorney was guilty of prejudicial misconduct.

A brief summary of the evidence as shown by the record is as follows:

The complaining witness is a girl, 16 years of age, who resides in Samoa, Humboldt County. The alleged assault upon her occurred on February 11, 1951. On that day, a Sunday, she and her two brothers and a neighbor boy came to Eureka on the afternoon boat to attend a movie. After the movie it was necessary to wait for approximately one hour for the boat on the return trip home. During this interval the complaining witness had some coffee at Hinch's restaurant, met some girl friends, and circulated around the town. During the course of her travels a girl friend introduced her to appellant Irish. She missed the 5 o'clock boat, and returned to Hinch's restaurant. The appellant and some boys joined her there. Her brothers returned home on the 5 o'clock boat.

As to events following, the complaining witness testified that she left Hinch's, unaccompanied, for the boat dock some five blocks away; that as she arrived at the dock the boatman hollered "All aboard"; that appellant came up behind her and hollered "No," stating to her that he had a knife and if she knew what was good for her she would keep walking and keep her mouth shut; that he walked behind her and alongside her to Mom's Café; that she did not see the knife but felt something in her back; that appellant unlocked the door of the café, and at this point she tried to scream, but appellant clamped his hand over her mouth and pushed her inside; that she told appellant her mother was expecting her, and the appellant had her call home and inform her mother that she was going to a party; that her mother refused to give permission; that appellant then had her call and inform her mother that she had missed the boat, and on this call the mother consented to her going to the party, but told her to be home by 9 o'clock; that appellant then informed her that it was all a joke, and some of the kids would arrive in a few minutes for a party; that appellant offered her cigarettes and liquor; that she refused them and appellant spilled a drink on her suit; that appellant went around the counter

and got a long gun, placed it against her stomach, turned off the light, and ordered her to stand up; that he forced her behind a partition and shoved her on a bed; that at this point she was crying and screaming, and appellant slapped her; that thereafter appellant committed the acts prohibited by section 288a.

The testimony of the complaining witness was corroborated in certain particulars. After the alleged assault upon her at Mom's Café she returned to Hinch's restaurant. Witnesses Dolly and Shirley Seigrest found her in the rest room of the restaurant around 8 o'clock. These witnesses testified that she was crying, nervous, and shaken up. She informed them of her encounter with appellant, and witness Walkow took her home in his automobile. This witness testified that she was "roughed up, shaken and scared." She arrived home around 10 o'clock and immediately complained to her parents. The boatman, witness Crowell, testified that he saw the girl approach the boat landing around 6 o'clock, and that he was waved on by a man standing near her.

The appellant testified that he met the complaining witness and her girl friend on the street around 6 o'clock; that he again met her around 7:30 and she accompanied him to Hinch's restaurant for a cup of coffee; that upon arriving at the restaurant she went to the rest room and did not return; that he waited for some 20 minutes and then departed for the theater; that he did not see her again that night. Defense witness Welcome Guest testified that appellant came into the Lucky Barrel, a tavern, "somewhere between six and eight o'clock. Aside from that it would be hard to remember." Witness Womack testified that he saw appellant "about twenty to seven or a quarter to seven, somewhere in there to about seven-fifteen." Witness Sherrill testified that he saw appellant at Hinch's restaurant about a quarter after 6 o'clock.

It is apparent from the foregoing summary of the evidence that there is little merit in appellant's argument that it is insufficient to support the verdicts and judgment. Appellant's argument only emphasizes the conflicts in the testimony, and it was for the jury to decide which witnesses were telling the truth or what testimony was to be believed. Our function as an appellate tribunal is only to decide if there is sufficient testimony to support the judgment. Because of the seriousness of the offenses charged we have read the record carefully

and have concluded that there was ample evidence to support the judgment of conviction.

 Appellant contends that the prosecuting attorney was guilty of prejudicial misconduct in asking the complaining witness numerous times if appellant was the person she saw at the boat dock. Appellant's counsel objected on the ground that the questions were repetitious. The objection was sustained and the jury instructed to disregard the last question along that line. The appellant argues that despite the instruction by the court, "the damage was done, and the passion of the jury incited." We are unable to understand how appellant could have suffered prejudice from the repeating of a proper question which had been asked before.

 It is also contended that the prosecuting attorney was guilty of misconduct in stating the following in his argument to the jury: "All I can ask you is . . . what would a man thirty-three years old, as is testified to, be doing with high school kids and associating with high school kids. Why would he be giving a party in which drinks been given?" Appellant's counsel objected to the argument upon the ground that it misquoted the evidence. The court instructed the jury that the arguments of counsel were not evidence in the case.

The record shows that appellant's age was 33; that many of the persons involved, including the complaining witness, were high school students and minors; the complaining witness testified that she was informed by appellant that the kids would come to Mom's Café for a party and she also testified that he spilled a drink on her; and the witness Kenny Sherrill, aged 16, called by appellant, testified that on New Year's Eve there was a party at appellant's café at which other kids were present and at which drinks were served. We are therefore unable to agree with appellant's contention that the district attorney was guilty of prejudicial misconduct.

In view of the foregoing we conclude that appellant was accorded a fair and impartial trial, that the record fully supports the verdicts of the jury, that no prejudicial error was committed, and that the judgment and orders appealed from should be and the same are hereby affirmed.

Peek, J., and Van Dyke, J., concurred.